UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER BAILEY, G60744,<br><br>  Petitioner,<br><br>v.<br><br>E. BORLA, Warden,<br><br>  Respondent. | Case No. 24-cv-04377-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 2) |

**I.**

Petitioner, a state prisoner incarcerated at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging restitution and other fines totaling more than $10,000 imposed by the Santa Clara County Superior Court in 2009 in connection with an indeterminate life sentence for multiple sex crimes. Petitioner also moves for leave to proceed in forma pauperis under 28 U.S.C. § 1915 (ECF No. 2), which, good cause appearing, is granted.

**II.**

The federal habeas statute permits courts to entertain petitions for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(a) uses the term "in custody" twice, with two different requirements. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that there be a restraint on the petitioner's liberty. Id. at 978-79. The second usage (i.e., that the application may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 979-80.

For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. Id. at 980.

Petitioner's claim that the trial court erred in imposing excessive fines totaling more than $10,000 because he is indigent fails to satisfy the second custody requirement because success on the claim would not affect any restraint on petitioner's liberty. See id. at 980-81 (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only restitution fine component of his sentence because "elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty" if he must serve the rest of his prison sentence in the same manner). Petitioner is not entitled to federal habeas relief on his imposition of excessive fines claim. See id.

### III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for lack of "in custody" jurisdiction. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: October 23, 2024

_____
CHARLES R. BREYER
United States District Judge